13708

CARNES v. BURD HIGH COMPRESSION RING CO. *ET AL.*

(171 S. E., 478)

*Messrs. C. G. Wyche* and *J. LaRue Hinson,* for appellant,

*Messrs. Blythe & Bonham* for respondents,

November 1, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This action was brought in the County Court of Greenville County to recover the sum of $2,100.00 alleged to be due upon written agreements. It appears that the plaintiff is the inventor of a heating system to be attached to motorcars. December 30, 1929, he entered into a written agreement with Burd High Compression Ring Company, by the terms of which he gave to that company an option for a period of six months to manufacture and sell, and license others to manufacture and sell, the said heating system. It appears that patent for the invention had not been granted and certain additional things were to be done to perfect it. The agreement of December 30, 1929, further provided as follows: "Carnes agrees during the period of said option to devote such time as he is able to give to further develop said heating system, it being contemplated by the parties hereto that Carnes will spend part of his time at Rockford in co-operating with Burd's engineers, with the view to developing said heating system to a commercial form satis-

factory to Burd, it being agreed by the parties hereto that in consideration of the time and services of Carnes devoted to this purpose Burd will from time to time during said option period advance to Carnes such amounts as may be needed to cover his time and personal expenses while away from Greenville, South Carolina, not to exceed, however, the sum of Five Hundred Dollars."

May 14, 1930, Burd Piston Ring Corporation wrote Mr. Carnes at Rockford, Ill., as follows: "In view of the fact that the improvement of the steam heater which is mentioned in our option agreement under date of the 30th of December, 1929, has not progressed as rapidly as either of us anticipated, it is now understood and agreed by both parties that the company will advance to you Two Hundred ($200.00) Dollars monthly beginning April 15th as additional expenses and that said expenses may be deducted from any royalties that may in the future be due you should the company exercise its options as agreed upon in the optional agreement of the 30th day of December, 1929."

Carnes accepted this proposal and both parties signed the agreement.

It is upon these two written agreements the action is based, it being claimed by plaintiff that they entitle him to be paid royalties at the rate of $200.00 per month from April 15, 1930.

When the plaintiff closed his testimony, the defendant moved for a nonsuit on the grounds that:

"(2) That plaintiff is suing upon the option agreement, dated December 30, 1929, with the modification of the agreement dated May 14, 1930, and the undisputed testimony shows that the defendant has fully complied with both the said agreements and has paid plaintiff in full for all amounts due thereunder.

"(3) The agreements referred to show that any payment due plaintiff was for expenses and all since incurred by

plaintiff under said agreements have, as shown by plaintiff's own testimony been paid in full.''

The motion for nonsuit was granted, and this appeal followed.

We are of opinion that his Honor did not err in granting the motion for nonsuit.

It is true that plaintiff's counsel in argument said they were suing for royalties, but the complaint distinctly declares upon the two written agreements, and they with equal distinctness provide for the payment of *expenses,* which it is admitted have been paid.

A lot of irrelevant testimony was introduced treating of questions which plaintiff seemed to consider infringed upon his rights as inventor, but this testimony does not show a right to claim royalties under the pleadings in this action.

In his order granting the motion for nonsuit, Judge Ansel said: "This action does not debar action for royalties, because it does not cover that question.''

As to plaintiff's right to bring any other action, this Court does not now express an opinion. It does agree, however, with the trial Judge that the matter of royalties is not covered by this action.

The appeal is dismissed, and the order granting nonsuit is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.